**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| E.J.G-F., Petitioner, v. Warden, STEWART DETENTION CENTER, Respondent. | : | Case No. 4:26-cv-1356-CDL-AGH 28 U.S.C. § 2241 |

**ORDER**

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondent timely filed a return (ECF No. 4) in which he explains that: (1) Petitioner is detained under 8 U.S.C. § 1226(a); (2) he is thus entitled to request a bond hearing before an immigration judge; but (3) Petitioner has not requested a bond hearing. Resp't's Return 1-2, ECF No. 4. Respondent suggests that he will ask the Court to dismiss Petitioner's habeas petition if further briefing is required. *Id.* at 2. For the following reasons, the Court **ORDERS** Petitioner to seek a bond hearing before an immigration judge.

As Respondent concedes, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing before an immigration judge. Resp't's Return 2. However, an immigration judge does not automatically provide a non-citizen in removal proceedings with a bond hearing; instead, the non-citizen must request a bond hearing before an immigration judge either orally or in writing. 8 C.F.R.

§§ 1003.19(d); 1236.1(d)(1). Respondent represents that Petitioner has failed in his immigration proceedings to request a bond hearing—in other words, he has failed to exhaust his available administrative remedies. Exhaustion in immigration habeas proceedings is not jurisdictional, but it is an affirmative defense. *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015). Because exhaustion is non-jurisdictional and for reasons of judicial economy, the Court provides Petitioner an opportunity to exhaust as explained below.

Petitioner is **ORDERED** to respond to Respondent's return **within thirty (30) days**. During that time, Petitioner should file a request for a bond hearing with an immigration judge under 8 U.S.C. § 1226(a) and the applicable regulations. The bond hearing following Petitioner's request need not occur within thirty (30) days of this Order. However, Petitioner must file his request for a bond hearing within thirty (30) days and must notify this Court. Following the bond hearing, or the expiration of the time in which Petitioner must request a hearing, Respondent may file a motion to dismiss or other reply within twenty-one (21) days of Petitioner's response to the return. Alternatively, if Petitioner receives a bond hearing within this time, he may file a voluntary dismissal with the Court instead of a response to Respondents' return.

SO ORDERED, this 9th day of November, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE